66 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Rufus R. McGEE, Petitioner-Appellant,
v.
Jack COWLEY, Respondent-Appellee.
 No. 95-6206.
 United States Court of Appeals, Tenth Circuit.
 Sept. 11, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Rufus R. McGee (McGee), appearing pro se and having been granted leave to proceed in forma pauperis, appeals the district court's order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. 2254. In order to reach the merits, we grant McGee's petition for a certificate of probable cause.
 
 
 3
 McGee was convicted in Oklahoma state court of unlawful possession of marijuana with intent to distribute and felonious possession of a firearm after former conviction of a felony. In his federal habeas petition, McGee alleged that: (1) the trial court erred in failing to suppress evidence obtained through an illegal search and seizure in violation of his Fourth Amendment rights, and (2) the evidence was insufficient to sustain his conviction for felonious possession of a firearm, inasmuch as the firearm he admittedly possessed was not capable of firing.
 
 
 4
 The matter was referred to United States Magistrate Judge Doyle Argo who issued a Report and Recommendation on January 12, 1995, in which he concluded that: (1) McGee's Fourth Amendment claim was barred from habeas review under Stone v. Powell, 428 U.S. 465, 494 (1976), because he had a full and fair opportunity to litigate the issue in his state court proceedings, and (2) "[t]here was clearly sufficient evidence under Oklahoma law for a rational juror to find that McGee was guilty to the crime of felon in possession of a firearm." (R., Doc. 17 at 4).
 
 
 5
 The district court, noting McGee's objections to the magistrate judge's Report and Recommendations, entered an Order on February 15, 1995, adopting the magistrate judge's Report and Recommendation in full and denying McGee's petition for a writ of habeas corpus.
 
 
 6
 On appeal, McGee contends that: (1) the district court erred or abused its discretion in procedurally barring his Fourth Amendment search and seizure claim because he was never given a full and fair hearing in state court, and (2) there was insufficient evidence to sustain his conviction for felonious possession of a firearm.
 
 
 7
 McGee's contentions were addressed and decided adversely to him after thorough consideration by the magistrate judge and the district court. Our review of the record shows that the district court did not err in denying McGee's petition for a writ of habeas corpus.
 
 
 8
 We AFFIRM for substantially the reasons set forth in the magistrate judge's Report and Recommendation of January 12, 1995, and the district court's Order of February 15, 1995.
 
 
 9
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470